AMIR NASSIHI (SBN 235936)
anassihi@shb.com
**SHOOK, HARDY & BACON L.L.P.**
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: (415) 544-1900 | Fax: (415) 391-0281

NAOKI KANEKO (SBN 252285)
nkaneko@shb.com
BRADY O'BRYAN (SBN 335729)
bobryan@shb.com
**SHOOK, HARDY & BACON L.L.P.**
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA 92614-2546
Tel: (949) 475-1500 | Fax: (949) 475-0016

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH PUSTAM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>NISSAN NORTH AMERICA, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF REMOVAL** |

**TO THE CLERK OF THE ABOVE ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT** Defendant Nissan North America, Inc. ("Nissan"), hereby removes to this Court, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 15 U.S.C. § 2310, the claims pending as Case No. 23CV009765 in the Superior Court of California, County of Sacramento.

1
DEFENDANT NISSAN NORTH AMERICA INC.'S NOTICE OF REMOVAL
CASE NO.

4871-4223-4014 V1

## I. NATURE OF THE REMOVED CASE

Plaintiff Kenneth Pustam ("Plaintiff") filed this civil action against Nissan in the Superior Court of California, County of Sacramento, on October 11, 2023. A true and correct copy of the Summons and Complaint is attached as Exhibit A to this Notice.

Plaintiff asserts causes of action under the Song-Beverly Consumer Warranty Act for breach of express warranty and breach of the implied warranty of merchantability. *See* Compl. (Exh. A).

Plaintiff seeks general, incidental, and consequential damages, as well as a civil penalty of up to two times the amount of actual damages. *See id*. ¶¶ 28-30; 34-35; 38; 67-69; and Prayer for Relief.

On December 28, 2023, Nissan answered Plaintiff's Complaint in the state action, a true and correct copy of which is attached as Exhibit B to this Notice. *See* Answer (Exh. B).

On January 8, 2024, Nissan, through counsel, first became apprised of the amount in controversy placed at issue through Plaintiff's allegations rendering this Action removable, after conducting an investigation into the amount in controversy which included assessing the Retail Installment Sales Contract and the repair orders regarding the vehicle.

## II. NISSAN HAS SATISIFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

Under 28 U.S.C. §1446(b)(1), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005)). In fact, "even if a defendant could have discovered

2
DEFENDANT NISSAN NORTH AMERICA INC.'S NOTICE OF REMOVAL
CASE NO.

4871-4223-4014 V1

1  grounds for removability through investigation, it does not lose the right to remove
2  because it did not conduct such an investigation . . . ." *Roth v. CHA Hollywood Med.*
3  *Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013); *see also Kenny v. Wal–Mart Stores,*
4  *Inc.*, 881 F.3d 786 (9th Cir. 2018); *Garcia v. General Motors LLC*, No. 8:18-cv-
5  01893-JLS-KES, 2019 WL 247227, *3 (C.D. Cal. Jan. 17, 2019).

6        Plaintiff served the initial pleading on October 17, 2023. Plaintiff's Complaint
7  did not reveal whether the amount in controversy meets or exceeds the amount in
8  controversy threshold under 28 U.S.C. § 1332(a) or 15 U.S.C. § 2310(d)(3)(B), nor
9  did it indicate any demand for a specific amount.

10        After appearing in this case, Nissan secured information and documentation,
11  including the Retail Installment Sale Contract for the vehicle that is the subject of this
12  action ("Sale Contract"), showing that Plaintiff purchased a used 2020 Nissan Kicks
13  (the "Subject Vehicle") for a total price of $42,401.36, as well as the repair orders.
14  Counsel for Nissan investigated and reviewed these materials and determined
15  removability on January 8, 2024. Nissan also explored resolution options, including
16  moving to compel arbitration, and conducted other investigation. The conclusion of
17  Nissan's investigation, within the last 30 days, led to the conclusion that, by a
18  preponderance of the evidence, the amount in controversy exceeds $75,000. *See Roth*,
19  720 F.3d at 1125 ("[E]ven if a defendant could have discovered grounds for
20  removability through investigation, it does not lose the right to remove because it did
21  not conduct such an investigation. . ."). Included in the analysis of the amount in
22  controversy is past attorneys' fees and the fact that future attorneys' fees are no longer
23  speculative to include seeing as it is unlikely that there will be a prompt settlement at
24  this stage of the case. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785,
25  795 (9th Cir. 2018) (holding that future attorney fees are appropriate to include when
26  they are not "too speculative because of the likelihood of a prompt settlement.").

27
28

3
DEFENDANT NISSAN NORTH AMERICA INC.'S NOTICE OF REMOVAL
CASE NO.

4871-4223-4014 V1

Nissan files this Notice of Removal on January 22, 2024, or within 30 days after determining through its investigation that the amount in controversy reaches the minimum threshold. *See* 28 U.S.C. §1446(b)(1). This Notice of Removal is therefore timely.

Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be filed with the Clerk of the Superior Court of California, County of Los Angeles, and Nissan will serve a copy of this Notice of Removal on all parties to the state action.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332, 28 U.S.C. § 1331, AND 15 U.S.C. § 2310

**A.   28 U.S.C. § 1332**

This Court has subject matter jurisdiction because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states. 28 U.S.C. § 1332(a).

**1.   Diversity of Citizenship Exists Between the Parties**

Removal under 28 U.S.C. § 1441(b) is appropriate because complete diversity of citizenship exists between Plaintiff and Nissan.

Plaintiff is a resident and citizen of California. *See* Compl. ¶ 2 (Exh. A). For purposes of removal based on diversity of citizenship, a plaintiff's state of residence is presumptively considered to be his state of citizenship. *See Bradley Min. Co. v. Boice*, 194 F.2d 80, 84 (9th Cir. 1951); *see also Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.").

At the time Plaintiff commenced this action, Nissan was (and still is) a Delaware corporation with its principal place of business in Tennessee and, thus, for jurisdictional purposes, a citizen of those two states. *See* Compl. ¶ 4 (Exh. A). This Court therefore has original jurisdiction over this action under 28 U.S.C. § 1332

4
DEFENDANT NISSAN NORTH AMERICA INC.'S NOTICE OF REMOVAL
CASE NO.
4871-4223-4014 V1

1  because the sole named defendant is a citizen of Delaware and Tennessee, while
2  Plaintiff is a citizen of California.

### 2. The Amount in Controversy Requirement is Satisfied

The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

To determine the amount in controversy, a district court must first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy"—in other words, that the amount exceeds the threshold. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (citation omitted). If this is not facially apparent, the court will then consider whether the notice of removal plausibly alleges that the amount exceeds the threshold. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–88 (2014). Plausible allegations alone may be sufficient; evidence is required only if the plaintiff contests—or the court questions—the plausibility of the defendant's allegations. *Id.* at 89, 95; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). If the defendant's allegations are challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin*, 574 U.S. at 87–88.

For purposes of determining the amount in controversy, "a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).

A defendant's showing may rely on reasonable assumptions when estimating the amount in controversy. *Arias*, 936 F.3d at 922. Indeed, a defendant does not "need to prove to a legal certainty that the amount in controversy requirement has been met." *Dart Cherokee Basin*, 574 U.S. at 88–89 (citing H.R. Rep. No. 112–10 at p. 16 (2011)). Rather, the standard is preponderance of the evidence. Where a defendant

1  shows that damages would exceed the threshold, "it then becomes plaintiff's burden to show, as a matter of law, that it is certain he will not recover the jurisdictional amount." *Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 888 (S.D. Cal. 2021) (cleaned up).

Based on the allegations in the Complaint and the information provided with this Notice of Removal, Plaintiff has placed more than $75,000 at issue through her allegations. *See* Compl. (Exh. A.). Plaintiff seeks to recover the entire purchase price. Compl. ¶ 17 (Exh. A). Additionally, Plaintiff seeks general, consequential, incidental damages, as well as civil penalties equal to "two times Plaintiff's actual damages," reasonable attorney's fees, prejudgment interest, and other relief as the Court may deem proper. *See id.* ¶¶ 29, 30, 35, 38, and Prayer for Relief.

Under the Song-Beverly Act, reimbursement or restitution is "an amount equal to the actual price paid or payable by the buyer . . . and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages to which the buyer is entitled under section 1794, including, but not limited to, reasonable repair, towing, and rental car costs actually incurred by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B); Cal. Civ. Code § 1794(b). The "purchase price paid for the vehicle" was $42,401.36. Thus, Plaintiff is seeking damages of at least $42,401.36, not including any related incidental or other damages.

The Song-Beverly Act also allows for a civil penalty of up to twice the amount of actual damages. Cal. Civ. Code § 1794(c). It is appropriate to consider this maximum civil penalty of twice the purchase price in the amount in controversy and defendant is not required to prove the case against itself. *Arias*, 936 F.3d at 927; *Brooks v. Ford Motor Co.*, No. CV 20-302 DSF (KKx), 2020 WL 2731830, at *2 (C.D. Cal. May 26, 2020) ("It would be absurd to suggest a defendant must offer evidence showing it willfully failed to comply with the Song-Beverly Act"); *Rahman v. FCA US LLC*, No. 2:21-cv-02584-SB, 2021 WL 2285102, at *2-3 (C.D. Cal. June

6
DEFENDANT NISSAN NORTH AMERICA INC.'S NOTICE OF REMOVAL
CASE NO.

4871-4223-4014 V1

4, 2021) ("Defendant is not required to prove the case against itself"); *Treuhaft v. Mercedes-Benz USA, LLC*, No. 2:20-cv-11155-SVW, 2021 WL 2864877, *2 (C.D. Cal. July 6, 2021) (holding civil penalty claim of twice plaintiff's actual damages requires applying the maximum 2x civil penalties regardless of whether defendant presented evidence); *Canesco*, 570 F. Supp. 3d at 902 ("[T]his Court sides with the majority of courts and more recent cases, which find civil penalties appropriate for inclusion in the calculation of the amount in controversy without the defendant needing to 'prove a case against itself' with respect to liability for civil penalties.").

Were Plaintiff to prevail on her Song-Beverley Act claims, she could be awarded damages of $75,000 or more. Plaintiff asserts actual alleged damages of at least $42,401.36 (the purchase price of the Subject Vehicle), and could be awarded up to twice that amount ($84,802.72) in civil penalties, for a total of $127,204.08. Adding to this any award of incidental and consequential damages, reasonable attorneys' fees and other remedies under the Song-Beverley Act, the amount in controversy in this case plausibly exceeds the $75,000 threshold. *See Arias*, 936 F.3d at 927 (holding that the amount in controversy encompasses the "maximum recovery the plaintiff could reasonably recover.").

This conclusion is unaffected by the possibility of a mileage offset. The statutory repurchase of a vehicle awarded under the Song-Beverly may be "reduced by . . . that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." *See* Cal. Civ. Code § 1793.2(d)(2)(C). This is calculated by taking the number of miles driven before the first repair attempt divided by 120,000 and multiplying that figure by the vehicle's purchase price. *See id.*; *see also Wickstrum v. FCA USA LLC*, No. 3:20-cv-00336-L-JLB, 2021 WL 532257, at *1–2 n.2 (S.D. Cal. Feb. 12, 2021).

Here, Plaintiff purchased the Subject Vehicle used with 21227 miles on the odometer on November 18, 2021. On January 11, 2022, with 25,265 miles on the

7
DEFENDANT NISSAN NORTH AMERICA INC.'S NOTICE OF REMOVAL
CASE NO.

4871-4223-4014 V1

1  odometer, Plaintiff presented the vehicle to Metro Nissan of Redlands reporting check
2  engine light on related to an exhaust leak. Plaintiff's use of the Subject Vehicle prior
3  to the discovery of the alleged nonconformity is 4038 miles. Multiplying this by the
4  negotiated cash price of the vehicle, $23,495.00, and dividing by 120,000 results in a
5  mileage offset of $730.04. Since Plaintiff seeks $127,204.08, *before*, attorneys' fees,
6  incidental and consequential damage, and prejudgment interest, a reduction of just
7  $730.04 is negligible, and would not bring the amount in controversy below the
8  $75,000 threshold.

9  Even assuming the above were for some reason incorrect, minor inaccuracies
10 in the mileage offset calculation cannot defeat jurisdiction because they would not
11 reduce the amount in controversy so substantially that it would fall below the
12 jurisdictional minimum. *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 702 (9th
13 Cir. 2018) (reversing district court for improper remand under this circumstance).

14 Were this somehow not enough, attorney fees are also properly considered in
15 assessing the amount in controversy, as the Song-Beverly Act allows for the recovery
16 of attorneys' fees. Cal. Civ. Code § 1794(d). This amount also includes reasonable
17 estimates of past, present, and future attorneys' fees. *Fritsch*, 899 F.3d at 794) ("[A]
18 court *must* include future attorneys' fees recoverable by statute or contract when
19 assessing whether the amount-in-controversy requirement is met.") (emphasis added).
20 Attorneys' fees would likely be significant if Plaintiff prevailed.

21 Given that this case has not been resolved to date, it is at this point no longer
22 speculative to include future attorney fees. At this point in the litigation, Plaintiff has
23 already incurred attorney fees reasonably assumed to be *at least* $10,000. Adding
24 even this modest estimate to the amount of actual and punitive damages damages as
25 well as civil penalties easily exceeds the $75,000 threshold. *See Treuhaft*, 2021 WL
26 2864877, *2 (holding defendant properly relied on evidence from plaintiff's counsel's

27
28

fee applications submitted in similar litigation, and noting plaintiff's failure to present evidence suggesting a smaller award was likely).

In sum, based on Nissan's investigation, the available information reveals that the amount in controversy in this case exceeds the $75,000 threshold necessary for diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

Should the Court require further proof of the amount in controversy, Nissan requests the ability to conduct jurisdictional discovery by interrogatories or depositions to support that the amount in controversy is satisfied pursuant to 28 U.S.C. § 1332.

## DEMAND FOR JURY TRIAL

Defendant Nissan North America, Inc. hereby demands a trial by jury on all issues that may be tried to a jury.

Dated: January 22, 2024         Respectfully submitted,

         SHOOK, HARDY & BACON L.L.P.


         By: */s/ Brady O'Bryan*_____
             AMIR NASSIHI
             NAOKI S. KANEKO
             BRADY O'BRYAN

             Attorneys for Defendant
             NISSAN NORTH AMERICA, INC.

9
DEFENDANT NISSAN NORTH AMERICA INC.'S NOTICE OF REMOVAL
CASE NO.

4871-4223-4014 V1

# PROOF OF SERVICE

The undersigned declare: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs. My business address is 5 Park Plaza, Suite 1600, Irvine, California 92614, my facsimile number is (949) 475-0016. On the date shown below I served the following document(s):

**DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF REMOVAL**

on the interested parties named herein and in the manner indicated below:

| Parties | Representatives |
|---|---|
| Plaintiff<br><br>**KENNETH PUSTAM** | STRATEGIC LEGAL PRACTICES<br>A Professional Corporation<br>Tionna Dolin<br>Sanam Vaziri<br>1888 Century Park East, 19th Fl<br>Los Angeles, CA  90067<br>Tel: 310-929-4900<br>Fax: 310-943-3838<br>Emails: tdolin@slpattorney.com<br>emailservices@slpattorney.com |

☒ **(MAIL)** I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ **(E-MAIL OR ELECTRONIC TRANSMISSION)** I caused the documents to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. (Courtesy Copy)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 22, 2024, at Irvine, California.

                                              _____/s/ Brady O'Bryan_____
                                                    Brady O'Bryan